## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

WEST VILLAGE MICHIGAN, LLC                           Case No.
A Michigan Limited Liability Co.                     Judge:
    Plaintiff,                                       Magistrate:

    v.

CANDICE TAYLER, a Wayne County Resident
POWERFUL SKY REAL ESTATE MANAGEMENT, LLC.,
A Michigan Limited Liability Co
    Defendants
_____/
JAMAL JOHN HAMOOD (P40442)
Attorney for Plaintiff
336 South Main Street, FL-1
Rochester, MI 48307
(248)705-6500
_____/

There are no other pending or resolved civil actions that involve any part of the transactions or occurrences alleged in this Complaint

_____
Jamal John Hamood (P40442)

## **COMPLAINT**

**NOW COMES** the Plaintiff herein, by and through its counsel, Jamal John Hamood, and for its Claim against the Defendants herein, hereby states as follows:

### GENERAL ALLEGATIONS

1. The Plaintiff is a Limited Liability Company registered in the State of Michigan and conducting business in the City of Dearborn, State of Michigan and County of Wayne.

2. Defendant, Candice Tayler, is an individual who, at all relevant times, conducted business in the City of Dearborn, County of Wayne and State of Michigan.

3. Defendant, Powerful Sky Real Estate Management LLC is a Michigan Limited Liability Company registered in the State of Michigan and conducting business at

various locations throughout the State of Michigan and particularly in the City of Dearborn, State of Michigan and County of Wayne.

4. The Plaintiff herein retained Defendant, Powerful Sky to assist in the management of various properties owned by Plaintiff in the City of Dearborn, State of Michigan, and Defendant Tayler acted on behalf of, and operated Defendant Powerful Sky.

5. Jurisdiction in this Court is appropriate based upon the Federal Claims asserted herein and Pendant Jurisdiction inasmuch as the State Court Claims raised herein are "intertwined" with the Federal Claims.

6. The amount in controversy between the Parties herein is in excess of One Hundred Thousand ($100,000.00) dollars and Jurisdiction and Venue are otherwise proper in this Court.

## COUNT I

### RICO - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT VIOLATIONS

7. The Plaintiff hereby incorporates and reasserts all of the allegations in the foregoing paragraphs as if stated fully herein.

8. Both Plaintiff and Defendant Powerful Sky Real Estate Management, LLC, are 'enterprises' as defined in 18 U.S.C section 1961 (4) which constitute an ascertainable structure distinct from the conduct of a pattern of racketeering as defined in United States v. Lee, 374 F.3d 637, 647 (8th Cir. 2004).

9. Both Plaintiff and Defendant, Powerful Sky "affected" interstate commerce as contemplated in 18 USC §1962(c) through the purchase and use of construction materials in the stream of interstate commerce.

10. Defendant Tayler was the sole officer and director of Defendant Powerful Sky and acted as an agent of both Plaintiff and Defendant Powerful Sky, and otherwise

"conducted and participated" directly and indirectly in the affairs of both the Plaintiff and Defendant Powerful Sky (the "enterprise") as defined in 18 USC § 1962(c) and was otherwise a person who was at all times relevant hereto "employed by and associated with" the enterprise as contemplated in 18 USC § 1961(3) and (4) and 18 USC §1962(c).

11. Defendant Powerful Sky employed Defendant Tayler as an agent and operated in a manner, and permitted Defendant Tayler to operate in a manner, that shielded her activity from scrutiny and specifically precluded the Plaintiffs from learning of the misappropriated payments by Defendant Tayler.

12. Defendant Tayler used her position with Defendant Powerful Sky, and abused her position of trust with the Plaintiff, to engage in a 'pattern of racketeering activity' consisting of at least two acts of racketeering activity as defined in 18 U.S.C. § 1961 (5). Said acts involve multiple victims and otherwise "amount to or pose a threat of continued criminal activity" as defined in H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 238-39 (1989).

13. The pattern of racketeering activity in this matter stems from both close-ended and open-ended patterns against the Plaintiff herein as well as other victims demonstrating continuity of action.

14. The acts alleged herein are similar to acts against others having spanned a period of at least one year and having otherwise included a specific threat of repetition extending indefinitely into the future and are otherwise part of the Defendant Powerful Sky's ongoing regular method of doing business as defined in H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 242 (1989).

15. Defendant Tayler conducted the business of Defendant Powerful Sky through a "pattern" of "racketeering activity" as defined in 18 USC 1961(5).

16. This pattern of racketeering activity is a violation of 18 USC §1962(c) and was undertaken in the furtherance of separate but related schemes against multiple victims.

17. The racketeering activity at issue in this matter includes, but is not limited to, bank fraud as defined in 18 USC §1028, forgery and mail and/or wire fraud as defined in 18 USC §1341 and 18 USC §1344.

18. The Defendants herein conspired with each other for the purpose of violating 18 U.S.C. 1962 (a)(b) and/or (c), and thereby violated 18 U.S.C. 1962 (d).

19. The Plaintiff was injured in an amount in excess of $100,000.00 as a direct result of the Defendants' violations of the RICO Statute as outlined above in addition to legal fees because of said RICO violations.

20. The Plaintiff is a "person" within the definition of 18 U.S.C. 1962(c) and is therefore entitled to treble damages plus the "cost of suit, including a reasonable attorney's fee" in accordance with 18 U.S.C. § 1964.

**WHEREFORE,** the Plaintiffs herein hereby pray that this Honorable Court award the Plaintiffs herein their damages plus treble damages together with reasonable costs and attorney fees as contemplated in 18 U.S.C. § 1964.

### Count II
### CONVERSION AND
### AIDING IN A CONVERSION

21. The Plaintiff hereby incorporates and reasserts all of the allegations in the foregoing paragraphs as if stated fully herein.

22. Defendants herein accepted multiple payments from various alleged tenants, and deposited same into one or more bank accounts of the Defendants and applied those payments to various activities of the Defendants that were unrelated to the property of the Plaintiff.

23. By retaining funds that were clearly intended for the Plaintiff, the Defendants herein converted those funds and otherwise aided Defendant Tayler in converting those payments to her own use in violation of MCL 600.2919(a).

24. Defendant Powerful Sky's actions aided in "...concealing, or aiding in the concealment of stolen, embezzled, or converted property" with actual or imputed knowledge of the fact that the Property at issue was "stolen, embezzled, or converted" and thereby violated MCL 600.2919(a).

25. Violation of MCL 600.2919(a) by the Defendants entitles Plaintiff herein to the Recovery of damages, costs, and attorney's fee equal to Three times the amount of actual damages sustained, plus costs and reasonable attorney fees.

26. The Plaintiffs in this matter suffered actual damages in excess of $100,000.00 plus attorney fees and costs in an amount to be determined as a direct and proximate result of the Defendants' Conversion and otherwise aiding in a conversion by Defendant Tayler.

27. The Plaintiff is entitled to a Judgment for Treble damages against the Defendants herein in an amount to be determined at trial plus costs and attorney fees.

28. The remedy provided by this section is in addition to any other right or remedy the Plaintiff may have at law or otherwise. See, MCL 600.2919(a).

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in an amount an amount to be proven at trial in addition to costs and attorney fees as provided in MCL 600.2919(a).

## COUNT III
## FRAUD, MISAPPROPRIATIN
## AND CONSPIRACY TO COMMIT FRAUD

29. The Plaintiff hereby incorporates and reasserts all of the allegations in the foregoing paragraphs as if stated fully herein.

30. Defendant, Tayler identified numerous potential Tenants to take tenancy in one or more of the Plaintiff's properties and negotiated leases that she claimed were in the best interest of the Plaintiff.

31. Unbeknownst to the Plaintiff, Defendant Tayler was, in fact, negotiating leases for her own purposes and executed said leases as both the Landlord and as Guarantor of the leases for her own benefit.

32. At the time that the representations were made, Defendant Tayler failed to advise the Plaintiff of its relationship with the "Tenants" and instead made it appear that the tenants were third parties with whom Defendant Tayler had negotiated the leases at issue.

33. Defendant Tayler further failed to disclose that the prices she negotiated with the tenants were, in fact, reduced rents so that she could then take substantial downpayments from the tenants under the guise that the money was being paid to the Landlord in a conspiracy to commit fraud upon the Plaintiff herein and upon the tenant victims.

34. Under the circumstances of this case, failure to disclose her relationship with the

tenants and the reduced rents, amounted to affirmative statements as to the value of the leases at issue.

35. Defendant Tayler knew, at the time that the statements were made, that the statements were false, but nevertheless made the statements with the intention that the Plaintiff would act in reliance upon said statements.

36. The Plaintiff did in fact act in reliance upon said statements and suffered Defendants to enter into various leases with the tenants identified by Defendant Tayler, allegedly on behalf of Plaintiff, but in fact to the detriment of the Plaintiff.

37. The Plaintiff has been damaged as a direct and proximate result of the fraud, misappropriation and conspiracy to commit fraud by the Defendants.

38. As a result of the fraudulent inducement perpetrated by the Defendants, the various leases at issue should be deemed void ab initio and all of the Defendants who participated in procuring the funds should be deemed liable for a return of the funds at issue.

**WHEREFORE**, the Plaintiffs herein hereby pray that this Honorable Court award the Plaintiffs in this matter their damages in an amount to be determined at the time of trial plus costs and attorney fees so unjustly imposed upon the Plaintiffs.

RESPECTFULLY SUBMITTED

_____
Jamal John Hamood (P40442)
336 South Main Street, FL-1
Rochester, MI 48307
(248) 705-6500