UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WEST VILLAGE MICHIGAN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CANDICE TAYLER, *et al.*,<br><br>Defendants. | Case No. 24-cv-13307<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING FILING (ECF NO. 35)
AND RESOLVING PENDING MOTIONS
(ECF NOS. 31, 34, 33)**

Plaintiff West Village Michigan, LLC, sues Defendants Candice Tayler and Powerful Sky Real Estate Management, LLC, for alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), conversion, fraud, and misappropriation. ECF No. 1. The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 11. The parties filed several motions, and the Court held a status conference on December 8, 2025.

Tayler's attorney, Richard Delonis, moved to withdraw as counsel because of a breakdown of the attorney-client relationship.  ECF No. 33.  The Court **GRANTS** Delonis's motion.

Tayler moved for appointment of counsel, claiming that she cannot afford one.  ECF No. 34.  As explained during the conference, in civil cases, "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense."  *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Her motion is thus **DENIED**.  While Tayler may proceed pro se on her own behalf, she may not represent Powerful Sky.  *See Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) ("A corporation must appear by counsel or not at all.").  If Tayler fails to retain an attorney for Powerful Sky within 30 days, West Village may seek the appropriate relief against Power Sky.

Tayler also filed a proposed consent judgment setting out a settlement offer.  ECF No. 35.  That document is an improper filing and is **STRICKEN**.[1]

---

[1] Because the parties agreed during the status conference that they wished to engage in settlement discussions, the Court contacted the pro se clinic to address whether it would assist Tayler with those discussions.  The pro se clinic agreed to help Tayler if she qualifies for its assistance.  Tayler should contact the pro se clinic by email at proseclinic@udmercy.edu to apply for its assistance.

2

Last, West Village moved to compel defendants' production of documents, including text messages and emails, bank account statements, and tax returns.  ECF No. 31, PageID.112.  West Village's motion is **GRANTED IN PART AND DENIED IN PART**.  As stated during the conference, Tayler must produce by **December 31, 2025**:

- Text messages with Stella;

- Text messages and emails with Younnes, Mroueh, Abbas, Dwaik, and Moaaz; and

- Full bank records from 2024 and 2025 for accounts ending in 0050 and 6282.

Tayler's supplemental production must include an updated discovery response signed as required under Federal Rule of Civil Procedure 26(g).  Tayler already produced her tax return for 2024, ECF No. 31, PageID.112, and the Court denies West Village's request for her to produce tax return records for other years.

The Court also extends the scheduling order by 30 days.  Discovery must be completed by **January 28, 2026**, and dispositive motions must be filed by **March 2, 2026**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: December 10, 2025

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 10, 2025.

            s/Davon Allen
            DAVON ALLEN
            Case Manager